1  Justin D. Kingsolver (AZ Bar No. 035476)
      JKingsolver@crowell.com
2  **CROWELL & MORING LLP**
   1001 Pennsylvania Avenue NW
3  Washington, D.C. 20004
   Telephone: 202-624-2500
4
   Gabriel M. Ramsey (CA Bar No. 209218)*
5     GRamsey@crowell.com
   Kristin Madigan (CA Bar No. 233436)*
6     KMadigan@crowell.com
   Kayvan M. Ghaffari (CA Bar No. 299152)*
7     KGhaffari@crowell.com
   Jacob Canter (CA Bar No. 324330)*
8     JCanter@crowell.com
   **CROWELL & MORING LLP**
9  3 Embarcadero Center, 26th Floor
   San Francisco, California 94111
10 Telephone: 415-986-2800

11   *   Admitted *pro hac vice*.

12 *Attorneys for Defendant Proctorio, Inc.*

13
14 **IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

15

| Erik Johnson, an individual, | No. 2:21-cv-00691-DLR |
|---|---|
| Plaintiff, | |
| v. | **PROCTORIO, INC.'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PARAGRAPHS 37-41 OF THE COMPLAINT** |
| Proctorio, Inc., a Delaware corporation, Defendant. | |
| | **PUBLIC REDACTED VERSION** |
| Proctorio, Inc., a Delaware corporation, Counterclaimant, | |
| v. | |
| Erik Johnson, an individual, Counterdefendant. | |

1

Defendant Proctorio, Inc. ("Proctorio") respectfully submits this motion pursuant to Federal Rule of Civil Procedure 12(f) and Local Civil Rule 7.2(m), for an order to strike portions of paragraphs 37-41 of the complaint filed by Plaintiff Erik Johnson ("Complaint"). *See* Dkt. No. 1 ¶¶ 37-41. Regrettably, in the Complaint, Plaintiff has reproduced the substance of protected settlement communications between Proctorio and Plaintiff, and offers the fact that the parties disagreed during the settlement discussions as the purported basis of one of his causes of action. This is entirely inappropriate, designed to harass Proctorio, and an improper weaponization of Proctorio's good faith effort to settle the dispute. Thus, there are good grounds for the Court to strike this material pursuant to Rule 12(f).

Paragraphs 37-41 (the "Paragraphs") are based on communications between Proctorio's counsel and Plaintiff's counsel in furtherance of efforts to resolve the dispute and which were undeniably understood to be protected by Federal Rule of Evidence 408. *See generally* Declaration of Heather Horrocks ("Horrocks Decl."). Through these communications, counsel discussed whether Plaintiff's tweets and other Internet publications infringed Proctorio's copyrights and, if so, whether they were made consistent with the fair use doctrine. *Id*. The parties shared their legal views, positions and theories, all in furtherance of a negotiated resolution. *Id*. The entire purpose of these exchanges was to attempt to resolve the legal dispute between the parties. *Id*.

The subject matter of these settlement discussions between the lawyers is the same as the subject matter that underlies the first cause of action that Johnson brings in the Complaint. *See id*. ¶¶ 44-51 (Declaratory Judgment of Noninfringement). Counsel for both parties understood when corresponding with each other that the communications were governed by Federal Rule of Evidence 408 and the communications were explicitly designated as such. *See generally* Horrocks Decl. Nonetheless, Plaintiff included the substance of these communications in the Paragraphs.

This violates both Rule of Evidence 408 and Rule of Civil Procedure 12(f). The Paragraphs are "immaterial, impertinent, or scandalous matter," within the meaning of

Rule 12(f). Indeed, Plaintiff was only able to concoct his second (baseless) cause of action as a result of using the Rule 408 material. This is entirely improper. The Court should therefore, pursuant to its authority under Rule 12(f), strike the relevant portions of the Paragraphs.

## FACTUAL BACKGROUND

From September through November 2020, Plaintiff published Proctorio's copyrighted material on the Internet without the company's consent or approval. *Id*. ¶ 3. After internal communications and factual investigations regarding Plaintiff's tweets and other publications, Proctorio took the position (which it still holds today) that certain of his publications infringe Proctorio's copyrights. *Id*. ¶ 4. Proctorio therefore issued takedown notices relating to the infringing publications, as it is authorized to do under the Digital Millennium Copyright Act ("DMCA"). *Id*. ¶ 5.

In late November 2020, Plaintiff's counsel contacted Proctorio and its counsel to request that the parties hold a discussion about the company's decision to issue takedown notices relating to the infringing publications. *Id*. ¶ 7. Plaintiff and/or his counsel had already issued counter-notices under the DMCA. *Id*. ¶ 6. There had also already been significant tension between the parties given very negative and false public statements made by Plaintiff. *Id*. So the parties understood that the purpose of the discussion would be to address, and hopefully to resolve, disagreements relating to Plaintiff's use of Proctorio's materials, whether those materials are copyrighted, and, if so, whether Plaintiff's use constituted fair use under existing law. *Id*. ¶¶ 6-8. Indeed, Proctorio's counsel would not have participated in any discussion if not for the fact that Plaintiff's counsel made it appear that this was the purpose for the call. *Id*. ¶ 9.

On November 30, 2020, counsel for both Plaintiff and Proctorio spoke on the phone regarding these very subjects. *Id*. During that discussion, Proctorio's counsel explained why they believed the materials that Plaintiff published are copyrighted, and why Plaintiff's use of the copyrighted material does not constitute fair use. *Id*. ¶ 10. This call included detailed discussions about the legal principles behind the fair use

1  doctrine and their applicability to the facts at bar. *Id*. In response, Plaintiff's counsel
2  explained why Plaintiff disagreed with Proctorio's position, and why Plaintiff believed
3  that his conduct constituted fair use. *Id*. ¶ 11.
4        About one week later, on December 9, 2020, Proctorio's counsel sent Plaintiff's
5  counsel an email that memorialized the substance of the November 30 phone discussion.
6  *Id*. ¶ 12. (Ex. A).



7
8     *Id*.
9
10      *Id*.
11
12
13   *Id*.
14
15        *Id*.

16       Plaintiff filed the Complaint on April 21, 2021. Dkt No. 1. The Complaint states
17 the following allegations relating to "a November 30 phone call":

18 • **Paragraph 37**: "Proctorio's counsel denied that Johnson's uses [of the
19    copyrighted material] were fair."
20 • **Paragraph 38**: "Proctorio's attorneys repeated the claim from the GitHub notice
21    that the excerpted code could be obtained only by "reverse engineering" and
22    "hacking," which they cited to argue that Johnson's use of the excerpts would
23    harm the market for the Proctorio Software by revealing information . . . to
24    competitors and exam-takers."
25 • **Paragraph 39**: "Proctorio's counsel also asserted that Johnson had shared the
26    entirety of the Proctorio software code."
27 • **Paragraph 40**: "Proctorio nevertheless asserted that the [copyrighted material]
28    were unconnected to any commentary or criticism."

*Id*. ¶¶ 37-40.  Then, in **paragraph 41**, the Complaint states that "in subsequent email communications, Proctorio nonetheless continued to assert that Johnson's uses were infringing and did not withdraw its DMCA notices."  *Id*. ¶ 41.  Proctorio's counsel has only communicated with Plaintiff's counsel in the two foregoing scenarios, both of which were conducted under the protections of Rule 408.  Horrocks Decl. ¶ 13.

After Plaintiff filed the Complaint, Proctorio's counsel contacted Plaintiff's counsel to enter into pre-discovery settlement discussions.  Declaration of Gabriel Ramsey ("Ramsey Decl.") ¶ 5.  Plaintiff's same counsel participated in the prior Rule 408 negotiations.  *Id*. ¶ 9.  Because Plaintiff's counsel improperly disclosed the prior Rule 408 communications in the Complaint, Proctorio's counsel requested that Plaintiff sign a confidentiality agreement to keep any communications made during the pre-discovery settlement discussions confidential.  *Id*. ¶ 6 (Ex. 1).  Plaintiff's counsel refused to sign a confidentiality agreement.  *Id*. ¶ 8.  Therefore, despite Proctorio's outreach, no settlement discussions have taken place since Plaintiff filed the Complaint.  *Id*. ¶ 10.

## LEGAL AUTHORITY TO STRIKE PLEADINGS & RULE 408

Proctorio requests that the Court strike the abovementioned portions of the Paragraphs from the Complaint because their disclosure and insertion into the pleading violates Rule 408.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Whether to grant or deny a motion to strike is firmly within the sound discretion of the Court.  *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 3034880, at *3 (D. Ariz. Aug. 3, 2010) ("Whether to strike is within the discretion of the trial court.").  In order to succeed on a Rule 12(f) motion, the moving party must also show that it is prejudiced.  *See id.* (To succeed on a motion to strike the "Defendant must show: 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice.").  "[T]he function of a 12(f) motion to strike is to avoid

5

the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Federal Rule of Evidence 408 states, in relevant part: "Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity . . . of a disputed claim: . . . conduct or a statement made during compromise negotiations about the claim." FED. R. EVID. 408(a)(2).

Arizona District Courts have held that materials which are "inadmissible under Rule 408" are "therefore immaterial" for Rule 12(f) purposes and thus may be struck. *See Ogundele v. Girl Scouts-Arizona Cactus Pine Council, Inc.*, 2011 WL 1770784, at *9 (D. Ariz. May 10, 2011) (granting a motion to strike Rule 408 materials); *Coogan v. Avnet, Inc.*, 2005 WL 2789311, at *2-3 (D. Ariz. Oct. 24, 2005) (striking statements made during the course of Rule 408 discussions because "statements made during the course of settlement negotiations are inadmissible") (internal citation omitted).

The policy behind Rule 408 is particularly important for purposes of this motion. The Ninth Circuit has explained that the "more consistently impressive" policy that underlies Rule 408 is that protecting the confidences of settlement negotiations "promot[es] the public policy favoring the compromise and settlement of disputes." *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) (citing FED. R. EVID. 408 advisory committee notes). In other words, the primary goal of Rule 408 is to create an environment where the parties can productively communicate with one another for purposes of settling the dispute.

## THE COURT SHOULD STRIKE THE IDENTIFIED PORTIONS OF PARAGRAPHS 37-41

This is one of the rare situations when the Court should use its discretionary authority to strike allegations from a pleading for violating Rule 408. *See TriQuint Semiconductor, Inc.*, 2010 WL 3034880, at *3.

The Paragraphs heavily rely on the statements that Proctorio's counsel made

6

during Rule 408 communications.  *See* Horrocks Decl. ¶¶ 10-12.  Accordingly, these particular portions of the Paragraphs are "immaterial" for Rule 12(f) purposes.  *See Ogundele*, 2011 WL 1770784, at *9; *Coogan*, 2005 WL 2789311, at *2-3.

      Proctorio is also prejudiced by inclusion of the immaterial allegations because they "may confuse the issues, or otherwise prejudice a party."  *G&G Closed Cir. Events LLC v. Barajas*, 2020 WL 1659903, at *1 (D. Ariz. Apr. 3, 2020).  Here, the settlement discussions between lawyers regarding the nuances of fair use are the *only* material that Johnson puts forward to allege that Proctorio purportedly knew there was no copyright infringement when it previously submitted takedown notices.  *See* Dkt No. 1 ¶¶ 37-41.[1]  But, the use of settlement discussions confuses the issues, as the operative question for section 512(f) is whether the DMCA complainant had a good faith belief upon which to send the takedown notice *at the time the notice was sent*.  *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016) ("[A] copyright holder need only form a subjective good faith belief that a use is not authorized" to issue a DMCA takedown notice); *ENTTech Media Grp. LLC v. Okularity, Inc.*, 2021 WL 916307, at *4 (C.D. Cal. Mar. 10, 2021) (citing *Lenz*, and stating: "[t]o satisfy the 'knowingly' prong [for a DMCA misrepresentation claim], [plaintiff] must allege sufficient facts to show that [defendants] lacked a subjective good faith belief that the images that were the subject of the takedown notices were infringing.").  The issue is the sender's subjective belief and good faith *at the time of sending*, not whether or not the sender's lawyers are right or wrong about fair use in a settlement call *months later*.

      Johnson does not allege any facts at all to establish that Proctorio did not have a subjective good faith belief of infringement at the time the notices were sent.  For example, this is not a case where an automated process sent takedown notices without consideration of context or without a subjective good faith belief of infringement.  *See* Dkt. No. 1.  To the contrary, Johnson *knew*, based on allegations in the Complaint, that

---

[1] To be clear, Proctorio strongly denies that it made any misrepresentations in connection with its takedown notices.

Proctorio's senior management considered, and was seriously concerned about, the infringing nature of his publications before they issued the takedown notices. *Id*. ¶¶ 31-33, 36. Simply disagreeing with counsel's fair use positions during later settlement discussions does not in any way indicate a lack of a subjective good faith determination of infringement *months earlier* when Proctorio sent the notices.

As the relevant allegations in the Paragraphs are both immaterial for Rule 12(f) purposes and prejudicial, the Court should grant the motion to strike. *See TriQuint Semiconductor, Inc.*, 2010 WL 3034880, at *3.

The context relating to the Rule 408 communications also strongly favors granting the motion. Plaintiff and his counsel effectively "baited" Proctorio into a settlement discussion under Rule 408, solely for the purpose of drawing out its counsel's fair use arguments, so that Johnson could then "disagree" with the positions and twist them into a purported basis to file a section 512(f) claim.

In other words, having no basis to assert that there was anything flawed in the DMCA notice or process at the time it was sent, Plaintiff abused the settlement process in order to manufacture—*solely* from the settlement negotiations between counsel—a purported dispute about "fair use," in order to attempt to create a cause of action. This further reinforces the prejudicial nature of Plaintiff's actions, and why the motion should be granted.

Finally, the policy behind Rule 408 strongly favors granting the motion. Plaintiff included communications in his Complaint that Proctorio's counsel had every reason to believe were governed by Rule 408 and would not be disclosed. The context from which the communications arose indicated that they were governed by Rule 408. Horrocks Decl. ¶¶ 7-9. The email correspondence reaffirmed explicitly that the communications were governed by Rule 408 and confidential. *Id*. ¶ 12 (Ex. A). And the actions taken by Johnson's counsel indicated that the communications were governed by Rule 408. *Id*. Rewarding a "gotcha" approach to litigation—which is precisely what is going on here—does not "promot[e] the public policy favoring the compromise and settlement of

disputes." *Hudspeth*, 914 F.2d at 1213-14.  Instead, the policy that underlies Rule 408 strongly directs the Court to use its discretion to grant the motion and strike the improper and immaterial allegations.[2]

## CONCLUSION

For the foregoing reasons, Proctorio respectfully requests that the Court grant the motion to strike paragraphs 37-41 of Plaintiff's Complaint.

Dated this 2nd day of July 2021.

Crowell & Moring LLP

By: */s/ Justin D. Kingsolver*

Justin D. Kingsolver
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: JKingsolver@crowell.com

*Attorney for Defendant Proctorio, Inc.*

---

[2] Indeed, the ongoing concern that Plaintiff's counsel will take a "gotcha" approach to litigation is forestalling productive settlement discussions.  *See* Ramsey Decl. ¶¶ 5-10.  Proctorio would be open to engaging in settlement discussions, but will not do so if Plaintiff turns around and discloses the highly sensitive communications made during the negotiations.  Proctorio will not be tricked twice, and unless Plaintiff is subject to some confidentiality obligations, no settlement discussions can productively occur.  This has never – in over two decades of practice for Proctorio's litigation counsel – been an issue.  *Id.* ¶ 7.  It should not be one now.

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I caused this document to be electronically filed using the District of Arizona's CM/ECF system, which sends electronic notices of such filing to all parties of record.

By: */s/ Justin D. Kingsolver*