# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br>　　　　　　　　　Plaintiff,<br>v.<br>Proctorio, Inc., a Delaware corporation,<br>　　　　　　　　　Defendant. | No. 2:21-cv-00691-DLR<br><br>**DECLARATION OF HEATHER HORROCKS IN SUPPORT OF DEFENDANT PROCTORIO, INC.'S MOTION TO STRIKE PORTIONS OF PARAGRAPHS 37-41 OF THE COMPLAINT** |
| Proctorio, Inc., a Delaware corporation,<br>　　　　　　　　　Counterclaimant,<br>v.<br>Erik Johnson, an individual,<br>　　　　　　　　　Counterdefendant. | |

1

I, Heather Horrocks, declare as follows:

1. I am a lawyer at the law firm Weiss Brown, PLLC and counsel for Defendant Proctorio, Inc. ("Proctorio") for corporate and other intellectual property-related matters. I make this declaration in support of Proctorio's Motion to Strike Portions of Paragraphs 37-41 of Plaintiff Erik Johnson's complaint, made pursuant to Federal Rule of Civil Procedure 12(f) and Local Civil Rule 7.2(m) ("Motion to Strike"). I make this declaration based on my own personal knowledge or information and belief, where indicated. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. In my role as counsel for Proctorio, I have learned about the company's internal business structure and decision-making processes. I have also been privy to company decision making, and have communicated advice to the company with regards to legal issues in anticipation of litigation.

3. In September, October, and November 2020, Johnson published Proctorio's material on his Twitter page and elsewhere on the Internet. This material is copyrighted by Proctorio, and the company did not give Johnson consent or approval to publish it.

4. The company became aware of Johnson's Internet publications. The company completed internal communications regarding these publications, which included factual investigations regarding the substance of the publications. Based on the company's communications and investigations, its representatives reached a subjective, good faith determination that Johnson's use of the copyrighted material was infringing and was not fair.

5. Given these determinations, Proctorio issued takedown notices relating to the infringing publications. The takedown notices were issued pursuant to the Digital Millennium Copyright Act ("DMCA").

6. In response to the takedown notices, Johnson and/or his counsel issued counter-notices under the DMCA. I was also aware of Johnson at this time because he

2

had been actively posting about Proctorio and its CEO Mike Olsen on his Twitter account. The posts were not just – in the company's determination – infringing. They were also false and disparaging of the company and Mr. Olsen. For this reason, tension between the parties was already high.

7. In late November 2020, Johnson's counsel contacted me and the company regarding the takedown notices Proctorio issued, the subsequent counter-notices, and generally about the dispute in relation to the material that Johnson published on the Internet and that Proctorio believed (and still believes) was infringing.

8. I had no other business with Johnson or his counsel, and neither had Proctorio. There was no other reason or purpose for the call except to engage in a discussion about the allegedly infringing materials that Johnson published and hopefully resolve the disagreements. Moreover, given that Johnson's counsel requested that I, as Proctorio's counsel, speak with her, it was similarly clear to me that the initial effort was to assess whether there would be a way to resolve the existing dispute between the parties.

9. On this basis, I and my colleague agreed to attend a phone conversation with Johnson's counsel. The phone conversation occurred on November 30, 2020. We would not have engaged in a phone conversation with Johnson's counsel if we did not have a good faith belief—based on representations made by Johnson's counsel—that the purpose of the conversation was to resolve the dispute.

10. During the November 30 phone call, I explained why Proctorio believed the materials that Johnson published are copyrighted, and why Johnson's use of the copyrighted material does not constitute fair use. I cited both to the law regarding the fair use doctrine, including each of the four factors generally used in fair use jurisprudence, and the law's applicability to relevant facts in this case.

11. In response, Johnson's counsel explained why she disagreed with Proctorio's position, and why Johnson believed the use does constitute fair use. During

3

the call, in furtherance of the parties' effort to resolve the dispute, Plaintiff's counsel agreed to further settlement discussions by email.

12. Soon thereafter, I sent Johnson's counsel an email that memorialized the substance of the November 30 phone discussion and presented a settlement offer based on the ongoing discussions. Those email exchanges were all explicitly designated as confidential settlement communications and subject to Federal Rule of Evidence 408. A true and correct copy of the email correspondence is attached as **Confidential Exhibit A**.

13. I have had no other communications with Johnson's counsel apart from the communications described herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of July, 2021, in Scottsdale, Arizona.

_____
Heather Horrocks

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I caused this document to be electronically filed using the District of Arizona's CM/ECF system, which sends electronic notices of such filing to all parties of record.

By: */s/ Justin D. Kingsolver*