# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br>　　　　　　Plaintiff,<br>v.<br><br>Proctorio, Inc., a Delaware corporation,<br>　　　　　　Defendant. | No. 2:21-cv-00691-DLR<br><br>**DECLARATION OF GABRIEL RAMSEY IN SUPPORT OF DEFENDANT PROCTORIO, INC.'S MOTION TO STRIKE PORTIONS OF PARAGRAPHS 37-41 OF THE COMPLAINT** |
| Proctorio, Inc., a Delaware corporation,<br>　　　　　　Counterclaimant,<br>v.<br><br>Erik Johnson, an individual,<br>　　　　　　Counterdefendant. | |

I, Gabriel Ramsey, declare as follows:

1. I am a lawyer at the law firm Crowell & Moring LLP and counsel for Defendant Proctorio, Inc. ("Proctorio") for this litigation matter. I make this declaration in support of Proctorio's Motion to Strike Portions of Paragraphs 37-41 of Plaintiff Erik Johnson's complaint, made pursuant to Federal Rule of Civil Procedure 12(f) and Local Civil Rule 7.2(m) ("Motion to Strike"). I make this declaration based on my own personal knowledge or information and belief, where indicated. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. In my role as litigation counsel for Proctorio, I have been a part of all litigation communications. I have also spoken with the company and its corporate counsel about activities that occurred prior to the litigation and that led up to this dispute.

3. In particular, I have communicated with Proctorio and its corporate counsel about the steps the company took to take down the infringing materials, the counter-notices that Johnson and/or his counsel filed, and the subsequent communication that occurred between Proctorio's corporate counsel and Johnson's counsel that were subject to and governed by Federal Rule of Evidence 408.

4. I am also aware that the substance of these communications was disclosed by Johnson in portions of paragraphs 37-41 of his complaint (the "Complaint"). *See* Dkt. No. 1 ¶¶ 37-41.

5. After the Complaint was filed, the litigation team for Proctorio contacted Johnson's counsel seeking to engage in pre-discovery settlement communications.

6. As a normal part of such correspondence, I sent to Johnson's counsel a simple agreement that, upon execution, would ensure that any settlement discussions that occurred between the parties would remain confidential. A true and correct copy of the Rule 408 confidentiality agreement that I proposed to Johnson's counsel is attached as **Exhibit 1**.

2

       7.     I have used this same (or a substantially similar) Rule 408 confidentiality agreement in numerous civil cases and for over more than two decades as a litigator. There has never been an issue with the other party signing the agreement.

       8.     However, Johnson's counsel refused to sign the Rule 408 confidentiality agreement.

       9.     Given that the same counsel has already exposed and publicized the confidential Rule 408 communications that occurred between them and Proctorio's corporate counsel, I do not believe that Johnson's counsel will keep the confidences of any Rule 408 discussions moving forward.

      10.    Accordingly, there have not yet been any settlement negotiations between the parties. Proctorio would be willing to engage in settlement negotiations upon Johnson signing the Rule 408 confidentiality agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of July, 2021, in Rogersville, Missouri.

_____
Gabriel Ramsey

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I caused this document to be electronically filed using the District of Arizona's CM/ECF system, which sends electronic notices of such filing to all parties of record.

By: */s/ Justin D. Kingsolver*