Justin D. Kingsolver (AZ Bar No. 035476)
  JKingsolver@crowell.com
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202-624-2500

Gabriel M. Ramsey (CA Bar No. 209218)*
  GRamsey@crowell.com
Kristin Madigan (CA Bar No. 233436)*
  KMadigan@crowell.com
Kayvan M. Ghaffari (CA Bar No. 299152)*
  KGhaffari@crowell.com
Jacob Canter (CA Bar No. 324330)*
  JCanter@crowell.com
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415-986-2800

* *Admitted pro hac vice.*

*Attorneys for Defendant Proctorio, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>Proctorio, Inc., a Delaware corporation,<br><br>  Defendant. | No. 2:21-cv-00691-DLR<br><br>**PROCTORIO, INC.'S MOTION TO FILE UNDER SEAL EXHIBIT A AND PORTIONS OF THE MOTION TO STRIKE; AND**<br><br>**NOTICE OF LODGING IN ELECTRONIC FORM (LRCiv 5.6(c)(1))** |
| Proctorio, Inc., a Delaware corporation,<br><br>  Counterclaimant,<br><br>v.<br><br>Erik Johnson, an individual,<br><br>  Counterdefendant. | |

1

## MOTION TO SEAL

Pursuant to LRCiv 5.6, Defendant Proctorio, Inc. ("Proctorio") hereby moves to file under seal the following material: (1) portions of Proctorio's motion and memorandum in support thereof to strike certain portions of Plaintiff Erik Johnson's complaint (the "Motion"); and (2) and Exhibit A in support of the Motion, which is an unredacted copy of confidential settlement communications between Proctorio's counsel and Mr. Johnson's counsel subject to Federal Rule of Evidence 408.

## NOTICE OF LODGING UNDER LRCIV. 5.6(c)(1)

Pursuant to LRCiv 5.6(c)(1), Proctorio has lodged separately with the Court in electronic form the documents to be filed under seal: (1) an unredacted copy of the Motion; and (2) the Exhibit.

## LEGAL STANDARD

The Ninth Circuit has stated that a court shall grant a request to seal and/or redact that is not associated with a dispositive motion or regarding materials that are core to the case's merits as long as the movant provides "good cause." *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) ("[P]ublic access [to filed motions and their attachments] will turn on whether the [materials are] more than tangentially related to the merits of a case").

Rule 26(c) defines good cause. *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). Under Rule 26(c) a court has good cause to "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G).

## ARGUMENT

Proctorio's Motion and Exhibit A supporting it disclose highly confidential settlement communications between Proctorio's counsel and Mr. Johnson's counsel subject to Federal Rule of Evidence 408.

The proposed information to be sealed may be reviewed at:

- Exhibit A. This is an email exchange dated December 9, 2020, through December 18, 2020, between Proctorio's counsel and Mr. Johnson's counsel that is labeled with the email subject line "Subject to Rule 408" and contains confidential settlement communications.
- Motion, at pages 4 - 5, lines 20 - 2. The language identified on those pages is a direct quote from Exhibit A, which Proctorio seeks to seal in its entirety.

Good cause exists to grant this limited sealing request. FED. R. CIV. P. 26(c); *Kamakana*, 447 F.3d at 1180.

First, Proctorio's request is not associated with a dispositive motion. Rather, it is associated with a motion to strike allegations that are based on communications between Mr. Johnson's counsel and Proctorio's counsel that are governed by Federal Rule of Evidence 408.

Second, the specific material Proctorio seeks to file under seal is narrowly tailored and limited to communications made after the parties had agreed their communications would remain confidential under Rule 408. Proctorio does not seek to seal or redact any communications that Mr. Johnson has already publicized.[1]

Third, it is well-settled that good cause exists to seal communications between outside counsel for the parties made with an expectation of confidentiality, and particularly for settlement discussions. *Alcaide v. Thomas*, 2015 WL 6087560, at *3-4 (D. Ariz. Oct. 16, 2015) (holding that the defendants had established good cause to file a

---

[1] The goal of this motion is to preserve the confidences of the communications that have not already been publicized and that the parties had agreed should remain confidential.

CROWELL & MORING LLP
ATTORNEYS AT LAW

negotiated settlement agreement under seal); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 1911502, at *4 (S.D. Cal. Apr. 20, 2020) (granting request to seal references to confidential settlement discussions); *San Diego Comic Convention v. Dan Farr Prods.*, 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) ("It is without question that courts have sealed confidential settlement agreements and negotiations.") (collecting cases).

Last, Proctorio will be unfairly prejudiced in its legal and business position if the communications are not sealed. *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (holding that compelling reasons exist to seal information "that, if published, may harm [the defendant's] or third parties' competitive standings and divulge the terms of confidential contracts, contract negotiations, or trade secrets."). If publicly released, there is a substantial risk that the confidential communications sought to be sealed would be used against Proctorio by the plaintiff or third parties, and also used by third parties as a basis to infringe Proctorio's intellectual property.

## CONCLUSION

For the foregoing reasons, Proctorio respectfully requests that the Court grant the motion and seal the Motion at pages 4 - 5, lines 20 - 2 and Exhibit A in its entirety.

Dated this 2nd day of July 2021.

Crowell & Moring LLP

By: */s/ Justin D. Kingsolver*

Justin D. Kingsolver
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: JKingsolver@crowell.com

*Attorney for Defendant Proctorio, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I caused this document to be electronically filed using the District of Arizona's CM/ECF system, which sends electronic notices of such filing to all parties of record.

By: */s/ Justin D. Kingsolver*