1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Erik Johnson, an individual,
                          Plaintiff,

v.

Proctorio, Inc., a Delaware corporation,
                          Defendant.

Proctorio, Inc., a Delaware corporation,
                          Counterclaimant,

v.

Erik Johnson, an individual,
                          Counterdefendant.

No. 2:21-cv-00691-DLR

**DECLARATION OF GABRIEL RAMSEY IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT PROCTORIO, INC.'S OPPOSITION TO PLAINTIFF-COUNTERDEFENDANT'S MOTION TO DISMISS**

1

I, Gabriel Ramsey, declare as follows:

1.     I am a lawyer at the law firm Crowell & Moring LLP and counsel for Defendant-Counterclaimant Proctorio, Inc. ("Proctorio") for this litigation matter.  I make this declaration in support of Proctorio's Opposition to the Motion to Dismiss Counts 3 and 4 of the First Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Plaintiff-Counterdefendant Erik Johnson on September 21, 2021.  I make this declaration based on my own personal knowledge or information and belief, where indicated.  If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.     In my role as litigation counsel for Proctorio, I have been a part of all material litigation communications.  This includes material communications with Mr. Johnson's legal counsel.

3.     In particular, on September 1, 2021, I participated in a meet-and-confer teleconference between counsel for Proctorio and counsel for Mr. Johnson.  Counsel for Mr. Johnson requested this meet-and-confer to discuss whether Mr. Johnson had a good-faith basis to file a planned motion to dismiss any of the claims raised in the Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.     The parties have a disagreement about the representations made during the meet-and-confer teleconference.  Three lawyers who serve as counsel for Proctorio in this matter, including myself, participated in the teleconference, and each of us have the same recollection that, during the meet-and-confer, counsel for Mr. Johnson agreed that Mr. Johnson's planned motion to dismiss was based on a "disagree[ment] how facts should be interpreted" by a jury.  Mr. Johnson's counsel agreed that its planned motion to dismiss Proctorio's fair use counterclaim, in particular, was based on a "disagree[ment] on the facts."  Counsel for Johnson states that no such representations were made.

2

5.      Attached herein as **Exhibit A** is a true and correct copy of email correspondence which followed the meet-and-confer teleconference and memorializes the positions of both parties.

6.      Proctorio has already initiated discovery in this matter.

7.      I participated in issuing a subpoena to third-party Miami University on September 24, 2021.  Proctorio served this subpoena to obtain documentary and other evidentiary materials related to both Mr. Johnson's causes of action and Proctorio's counterclaims, including the counterclaims that are the subject of Mr. Johnson's September 21, 2021 Motion to Dismiss.  Attached herein as **Exhibit B** is a true and correct copy of the subpoena served on Miami University.

8.      I also participated in issuing Proctorio's first set of requests for production of documents to Mr. Johnson on September 30, 2021.  *See* ECF No. 35 (Notice of Service of Proctorio's First Set of RFPs).  Attached herein as **Exhibit C** is a true and correct copy of Proctorio's First Set of RFPs.

Executed this 5th day of October, 2021, in Philadelphia, Pennsylvania.

_____

Gabriel Ramsey

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I caused this document to be

electronically filed using the District of Arizona's CM/ECF system, which sends

electronic notices of such filing to all parties of record.

By: */s/ Justin D. Kingsolver*
Justin D. Kingsolver
*Attorney for Proctorio, Inc.*

4

# Exhibit A to Ramsey Declaration

**Kingsolver, Justin**

| | |
|---|---|
| **From:** | Kingsolver, Justin |
| **Sent:** | Thursday, September 2, 2021 1:43 PM |
| **To:** | 'Cara Gagliano' |
| **Cc:** | Ramsey, Gabriel; Madigan, Kristin; Ghaffari, Kayvan; Canter, Jacob; Hannah Zhao; Corynne McSherry; Eric Fraser |
| **Subject:** | RE: Johnson v. Proctorio - Response Deadline |

Cara,

While we understand that now—after realizing the import of the significant admissions you made during our meet-and-confer, which we wrote down, word-for-word, as you said them—you wish to revise your statements, the facts remain.

As my email made clear, the factual allegations in Proctorio's counterclaims *significantly* exceed the notice pleading standards that will govern your contemplated motion.  There is thus no need to amend our complaint, and we again urge you not to waste the parties'—and more importantly, the Court's—valuable resources with this unwarranted motions practice.

--
**Justin D. Kingsolver**
JKingsolver@crowell.com
*Direct*: (202) 624-2927

**From:** Cara Gagliano <cara@eff.org>
**Sent:** Thursday, September 2, 2021 1:20 PM
**To:** Kingsolver, Justin <JKingsolver@crowell.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Madigan, Kristin <KMadigan@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>; Canter, Jacob <JCanter@crowell.com>; Hannah Zhao <zhao@eff.org>; Corynne McSherry <corynne@eff.org>; Eric Fraser <efraser@omlaw.com>
**Subject:** Re: Johnson v. Proctorio - Response Deadline

External Email

Justin,

Your email does not accurately reflect our conversation.  We take from your email that you do not wish to amend before we file our motion.  Please let us know if that's incorrect.  If you need additional clarification on our position to determine whether you would like to amend, please let us know.

Cara

Cara Gagliano
Staff Attorney
Electronic Frontier Foundation
815 Eddy St, SF, CA 94109
415-436-9333 x205 | cara@eff.org

**From:** Kingsolver, Justin <JKingsolver@crowell.com>
**Date:** Thursday, September 2, 2021 at 12:56 PM

**To:** Cara Gagliano <cara@eff.org>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>, Madigan, Kristin <KMadigan@crowell.com>, Ghaffari, Kayvan <KGhaffari@crowell.com>, Canter, Jacob <JCanter@crowell.com>, Hannah Zhao <zhao@eff.org>, Corynne McSherry <corynne@eff.org>, Eric Fraser <efraser@omlaw.com>
**Subject:** RE: Johnson v. Proctorio - Response Deadline

Cara,

Thanks to you and your team for taking time yesterday to discuss your contemplated motion to dismiss two of Proctorio's counterclaims.

First, we understand that Plaintiff intends to move to dismiss Proctorio's <u>copyright infringement counterclaim</u>, primarily because, as you put it, Plaintiff "disagrees on the facts" that Proctorio pleads to show that Plaintiff's infringement was not a fair use and "disagrees how facts should be interpreted" by the jury.  As we pointed out, this motion will, by definition and by your own concessions, require the Court to decide issues of fact that are clearly disputed at this point.  We also noted that the Court discouraged the parties from filing a motion to dismiss where such a motion involved disputed factual issues (*e.g.*, Dkt. 6), but you noted that Plaintiff nonetheless intends to file this motion to dismiss.

Second, we also understand that Plaintiff intends to move to dismiss Proctorio's <u>tortious interference with contract and/or business expectancy counterclaim</u>.  You advised us that you intend to move to dismiss this claim for two reasons: (1) you allege Proctorio has not adequately plead that any contracts were actually terminated, which you claim is required by Arizona law; and (2) you allege that Proctorio has not adequately pled that Plaintiffs' interference was improper.  We address these in turn below.

*Actual Contract Termination*

- As a preliminary matter, Arizona law does not require evidence of the actual termination of an existing contract to prevail on a tortious interference claim.  *Sidi Spaces LLC v. Aluminum Trailer Co.*, 2020 WL 6799262, at *13 (D. Ariz. Oct. 22, 2020) ("It is not necessary for Plaintiff to prove that it was absolutely certain that a contract would have been formed absent Defendant's interference."); *ABCDW LLC v. Banning*, 388 P.3d 821, 831 (Ariz. Ct. App. 2016) ("To be liable for intentional interference with contract, it is not necessary that a defendant cause an actual breach of the contract between the plaintiff and a third party. . . . Rather, the tort may arise when a defendant causes a party's performance under the subject contract to be more expensive or burdensome.").  Nonetheless, **Proctorio's counterclaims plead *exactly that*.**  *See* ¶ 123 ("As a result of the false statements that Counterdefendant and his co-tortfeasors publicized over several months, ***certain educational institutions*** have narrowed, ***terminated***, or refused to renew contracts with Proctorio."); ¶ 119 (naming as exemplars "universities like Miami University, the University of British Columbia, and the University of Illinois" – which have, as both EFF and Plaintiff well know, all either announced a termination, substantial narrowing, or consideration of termination of contracts); ¶¶ 73-75.  The law requires these facts to be considered true for purposes of your contemplated motion, so the relief you have advised us that you intend to request would *inevitably* require the Court to decide disputed issues of fact.  We noted this during the call, but you informed us that you intended to proceed with filing your motion anyway.

- Separately, we fully expect that discovery in this litigation will reveal that Plaintiff has engaged in conduct with the specific intent to urge other universities, beyond those exemplars specifically named in the counterclaims, to terminate their current or prospective business relationships with Proctorio.  And as we noted during yesterday's meet-and-confer, the notice pleading standard does not require Proctorio to specifically identify each and every relationship with a university impacted by Plaintiff's misconduct.  FRCP 8; *Edwards v. Anaconda Co.*, 565 P.2d 190, 192 (Ariz. Ct. App. 1977) ("[T]here are many cases" in which Arizona courts have found interference sufficient to withstand a motion to dismiss where a plaintiff alleged "the defendant drove away plaintiff's customers or other persons with whom he wished to deal.  The defendant's intent in these cases was not directed at the plaintiff's relation with any particular customer or person but rather was an intent to keep away all who might otherwise deal with the plaintiff.").

*Improper Conduct*

- "To determine whether a defendant's conduct was improper, Arizona employs the seven-factor test of Restatement (Second) of Torts § 767," with the most important factors being (1) the nature of the defendant's conduct and (2) defendant's motive. *See MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 955–56 (9th Cir. 2010). Proctorio has clearly pled sufficient factual allegations that Mr. Johnson's conduct (intentionally spreading <u>false</u> statements of fact regarding Proctorio, its software, and its executives – *dozens* of which are cited in the Counterclaims) was wrongful. *See, e.g.*, ¶¶ 54-60, 71, 121-22. And Proctorio has clearly pled that Mr. Johnson acted with an improper motive: to "abolish online proctoring" and, specifically, to encourage Proctorio's current and prospective clients to terminate their relationship with Proctorio. *See* ¶¶ 16, 121-23. At worst, these issues raise a multitude of factual questions that are inappropriate for adjudication at this procedural stage.

In sum, to spare the parties the significant cost to brief – and more importantly, to conserve valuable judicial resources to decide – a motion to dismiss that will, at best, require the impermissible resolution of contested facts, we strongly urge Plaintiff to reconsider the filing of this meritless motion. If Plaintiff choses to proceed anyway, Proctorio reserves all rights, including its right to seek any and all attorney's fees or other costs it is forced to incur to respond to this motion.

Thanks,
Justin

--
**Justin D. Kingsolver**
JKingsolver@crowell.com
*Direct*: (202) 624-2927

---

**From:** Cara Gagliano <cara@eff.org>
**Sent:** Monday, August 30, 2021 9:21 PM
**To:** Kingsolver, Justin <JKingsolver@crowell.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Madigan, Kristin <KMadigan@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>; Canter, Jacob <JCanter@crowell.com>; Hannah Zhao <zhao@eff.org>; Corynne McSherry <corynne@eff.org>; Eric Fraser <efraser@omlaw.com>
**Subject:** Re: Johnson v. Proctorio - Response Deadline

External Email

Great, we'll speak with you on September 1 at 9am Pacific. We can use this Zoom dial-in:

Meeting ID: 844 7863 7900
One tap mobile
+16699006833,,84478637900# US (San Jose)

Dial by your location
    +1 669 900 6833 US (San Jose)
    +1 301 715 8592 US (Washington DC)
    855 880 1246 US Toll-free
    877 853 5257 US Toll-free

(Or if you'd prefer to join through Zoom, https://eff.zoom.us/j/84478637900)

Cara

Cara Gagliano
Staff Attorney
Electronic Frontier Foundation

3

815 Eddy St, SF, CA 94109
415-436-9333 x205 | cara@eff.org

---

**From:** Kingsolver, Justin <JKingsolver@crowell.com>
**Date:** Monday, August 30, 2021 at 8:20 PM
**To:** Cara Gagliano <cara@eff.org>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>, Madigan, Kristin <KMadigan@crowell.com>, Ghaffari, Kayvan <KGhaffari@crowell.com>, Canter, Jacob <JCanter@crowell.com>, Hannah Zhao <zhao@eff.org>, Corynne McSherry <corynne@eff.org>, Eric Fraser <efraser@omlaw.com>
**Subject:** RE: Johnson v. Proctorio - Response Deadline

Cara,

9-10am Pacific works on Wednesday.  Thanks.

--
**Justin D. Kingsolver**
JKingsolver@crowell.com
*Direct*: (202) 624-2927

---

**From:** Cara Gagliano <cara@eff.org>
**Sent:** Monday, August 30, 2021 12:48 PM
**To:** Kingsolver, Justin <JKingsolver@crowell.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Madigan, Kristin <KMadigan@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>; Canter, Jacob <JCanter@crowell.com>; Hannah Zhao <zhao@eff.org>; Corynne McSherry <corynne@eff.org>; Eric Fraser <efraser@omlaw.com>
**Subject:** Re: Johnson v. Proctorio - Response Deadline

External Email

Thanks for confirming that, Justin.  We anticipate filing a motion to dismiss, so we'd like to schedule a meet and confer call with you per the Court's 4/22 order.  We are available at any of the following times (all in Pacific Time); please let us know whether any of these would work for your team:

Wed. 9-11, 4:15-5
Thurs. 2:30-4
Fri. 11-3

If none of those times work for you, please let us know what would and we'll try to accommodate that.

Best,
Cara

Cara Gagliano
Staff Attorney
Electronic Frontier Foundation
815 Eddy St, SF, CA 94109
415-436-9333 x205 | cara@eff.org

---

**From:** Kingsolver, Justin <JKingsolver@crowell.com>
**Date:** Friday, August 27, 2021 at 8:45 AM

4

**To:** Cara Gagliano <cara@eff.org>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>, Madigan, Kristin <KMadigan@crowell.com>, Ghaffari, Kayvan <KGhaffari@crowell.com>, Canter, Jacob <JCanter@crowell.com>, Hannah Zhao <zhao@eff.org>, Corynne McSherry <corynne@eff.org>, Eric Fraser <efraser@omlaw.com>
**Subject:** Re: Johnson v. Proctorio - Response Deadline

Agreed.  Thanks for confirming.

--
Justin D. Kingsolver
JKingsolver@crowell.com
Direct: (202) 624-2927

On Aug 26, 2021, at 7:27 PM, Cara Gagliano <cara@eff.org> wrote:

  External Email

Dear counsel,
It's come to our attention that Mr. Johnson's deadline to respond to your counterclaims, as set by the Court's July 15 order, falls on Labor Day.  Out of an abundance of caution, we'd like to confirm that you agree the effective deadline is the following court day—i.e., Tuesday, September 7.  Please let us know.
Thanks,
Cara

Cara Gagliano
Staff Attorney
Electronic Frontier Foundation
815 Eddy St, SF, CA 94109
415-436-9333 x205 | cara@eff.org

# Exhibit B to Ramsey Declaration

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

**Erik Johnson**

                                    Plaintiff

                                                          Civil Action No.: 2:21-cv-00691-DLR

                                               *vs.*

**Proctorio, Inc.**

                                    Defendant

## AFFIDAVIT OF SERVICE

I, Brittian Daudelin, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment A and Witness fee check in the amount of $91.52 in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 09/23/2021 at 9:24 AM, I served Miami University at Roudebush Hall, 501 East High Street, Oxford, Ohio 45056 with the Subpoena Duces Tecum with Attachment A and Witness fee check in the amount of $91.52 by serving John Woodard, Senior Associate General Counsel, authorized to accept service.

John Woodard is described herein as:

Gender: Male   Race/Skin: White   Age: 36-50   Weight: 161-200   Height: 6'0"+   Hair: Brown   Glasses: No

I declare under penalty of perjury that this information is true and correct.

_9/24/21_
Executed On



_Brittian Daudel_
Brittian Daudelin

Client Ref Number:120107.0000001
Job #: 1594052

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Arizona ▣

| | |
|---|---|
| Erik Johnson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-00691-DLR |
| Proctorio, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Miami University; 501 E. High Street; Oxford, OH 45056

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See ATTACHMENT A.

| Place: Crowell & Moring LLP; 201 N. Illinois St., Suite 1100; Indianapolis, IN 46204 | Date and Time: October 25, 2021 at 10:00am Eastern time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2021

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Proctorio, Inc.
_____, who issues or requests this subpoena, are:

Justin Kingsolver; Crowell & Moring; 1001 Penn. Ave. NW; Wash. DC 20004; JKingsolver@crowell.com; 202-624-2500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-00691-DLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                    *Server's signature*

                                                  _____
                                                                    *Printed name and title*

                                                  _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.     "**PLAINTIFF**" means Erik Johnson, the individual who filed the Complaint in *Johnson v. Proctorio, Inc.*, 21 Civ. 691 (D. Ariz. 2021), as well as any person or entity acting on his behalf as an agent, representative, or in any other formal or informal capacity.

2.     "**DEFENDANT**" means Proctorio, Inc.

3.     "**MIAMI UNIVERSITY**" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

4.     "**DEFENDANT'S PRODUCT**" means the proctoring software that DEFENDANT created and licenses and that is at issue in *Johnson v. Proctorio, Inc.*, 21 Civ. 691 (D. Ariz. 2021).

5.     "**PROCTORING SOFTWARE INDUSTRY**" means the companies that have developed and license software to facilitate remote proctoring services, and which includes, though may not be limited to, DEFENDANT, ExamSoft, ProctorU, and any competitors.

6.     "**AGREEMENT**" or "**AGREEMENTS**" mean a contract or arrangement, formal or informal, oral or written, between two or more PERSONS.

7.     "**DOCUMENT**" or "**DOCUMENTS**" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter or other medium of any kind or character, however produced, reproduced, or stored upon which intelligence or information is recorded or from which intelligence or information can be derived, which is or has been in your possession, custody, or control.  The term "DOCUMENT" or "DOCUMENTS" specifically includes information, data, and material produced, stored, or maintained in electronic, magnetic, and/or computerized media or devices.  Any non-identical copies of a DOCUMENT (whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise) are to be considered a separate "DOCUMENT" or "DOCUMENTS."

8.     "**COMMUNICATION**" or "**COMMUNICATIONS**" means any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type, and/or media of any kind.

9.     "**RELATE TO**," "**RELATED TO**," or "**RELATING TO**" mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based

upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10. "**PERSON**" or "**PERSONS**" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11. "**ANY**" shall mean any or all and the term "**ALL**" shall mean any or all.

12. "**AND**" and "**OR**" and "**BETWEEN**" and "**AMONG**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

13. "**INCLUDING**" shall be construed as "including but not limited to."

14. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

## GENERAL INSTRUCTIONS

1. MIAMI UNIVERSITY shall identify, produce, AND permit the visual inspection AND reproduction of the following DOCUMENTS, electronically stored information, AND things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, AND things in the actual OR constructive possession of MIAMI UNIVERSITY, its attorneys, experts, AND anyone else acting on its behalf. The production and visual inspection shall take place at Crowell & Moring LLP, 201 North Illinois Street, Suite 1100; Indianapolis, IN 46204, which is located within 100 miles of MIAMI UNIVERSITY (or such other place as may be stipulated by the parties).

2. These requests are not limited by time unless stated within the request itself.

3. Unless otherwise stated, the geographic scope covered by these requests is worldwide.

4. If MIAMI UNIVERSITY claims that ANY DOCUMENT, tangible object, OR other thing responsive to ANY request was once in its possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, MIAMI UNIVERSITY shall IDENTIFY with particularity each such DOCUMENT AND set forth:
   (a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed;
   (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND

(c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that MIAMI UNIVERSITY contends that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, MIAMI UNIVERSITY shall:
(a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), AND addressee(s);
(b), IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed;
(c) state the general subject matter of the DOCUMENT; AND
(d) state the ground on which the claim of privilege OR immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If MIAMI UNIVERSITY claims a privilege OR immunity with regard to ANY DOCUMENT responsive to ANY discovery request below, MIAMI UNIVERSITY should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege OR immunity.

7.      These requests are continuing in nature under Rule 26(e) of the Federal Rules of Civil Procedure.  If, at ANY time prior to the completion of the above-captioned matter, MIAMI UNIVERSITY obtains OR becomes aware of additional DOCUMENTS, tangible objects, AND things responsive to these requests, MIAMI UNIVERSITY shall promptly supplement its response to provide such DOCUMENTS, tangible objects, AND things to DEFENDANT.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL AGREEMENTS, DOCUMENTS, AND COMMUNICATIONS between MIAMI UNIVERSITY and PLAINTIFF RELATING TO DEFENDANT, INCLUDING DOCUMENTS reflecting PLAINTIFF'S agreement to comply with DEFENDANT'S terms of use and to protect DEFENDANT'S intellectual property, as required pursuant to MIAMI UNIVERSITY'S contract with DEFENDANT.[1]

### REQUEST FOR PRODUCTION NO. 2:

ALL AGREEMENTS, DOCUMENTS, AND COMMUNICATIONS RELATING TO contractual negotiations and renegotiations with DEFENDANT that have occurred since January 1, 2020.

---

[1] The "Software-as-a-Service Agreement" between MIAMI UNIVERSITY and DEFENDANT, executed in May 2017, requires (at § 3.1) MIAMI UNIVERSITY to "ensure that any such Authorized End User" – defined to include "Student Users" like PLAINTIFF (in § 1.4) – "will be bound by policies that provide substantially the same or greater protections for [Proctorio]'s Confidential Information and the Application IP as are provided by the terms hereof."

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO assessments, analyses, or evaluations of the PROCTORING SOFTWARE INDUSTRY that have occurred since January 1, 2020, INCLUDING any assessments, analyses, or evaluations RELATING TO criticism of DEFENDANT or DEFENDANT'S PRODUCT.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF'S university employment records, INCLUDING ANY DOCUMENTS RELATING TO PLAINTIFF'S alleged work as a "security researcher"[2] and ANY DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF'S alleged application to work in MIAMI UNIVERSITY'S IT security department.[3]

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY "special accommodations" that PLAINTIFF "was forced to seek" for taking examinations that his professors chose to administer using DEFENDANT'S PRODUCT.[4]

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO any public records requests made by PLAINTIFF since January 1, 2020, INCLUDING PLAINTIFF'S public records requests, ANY COMMUNICATIONS with PLAINTIFF related to those public records requests, and ANY DOCUMENTS produced to PLAINTIFF in response to a public records request.

---

[2] PLAINTIFF'S Complaint in this litigation alleges that "Erik Johnson is a security researcher and an undergraduate student in computer engineering at Miami University in Oxford, Ohio." *See* Dkt. No. 1, ¶ 11.
[3] PLAINTIFF'S Complaint in this litigation alleges that "Johnson was informed by a professor that Johnson's application to work in his university's IT Security department will likely be rejected due to his adversarial legal relationship with the school vendor Proctorio." *See* Dkt. No. 1, ¶ 43.
[4] PLAINTIFF'S Complaint in this litigation alleges that "Johnson was forced to seek special accommodations for taking exams that his professors administered through Proctorio." *See* Dkt. No. 1, ¶ 29.

# Exhibit C to Ramsey Declaration

CROWELL & MORING LLP
ATTORNEYS AT LAW

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Erik Johnson, an individual,

               Plaintiff,

v.

Proctorio, Inc., a Delaware corporation,

               Defendant.

Proctorio, Inc., a Delaware corporation,

               Counterclaimant,

v.

Erik Johnson, an individual,

               Counterdefendant.

Case No. 2:21-cv-00691-DLR

## DEFENDANT PROCTORIO, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF ERIK JOHNSON

      PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 26 and 34 and the Local Rules of Civil Procedure for the United States District Court for the District of Arizona (the "Local Rules" and each "Local Rule"), Defendant Proctorio, Inc. ("Defendant" or "Proctorio") hereby requests that Plaintiff Erik Johnson ("Plaintiff," "Johnson," or "You") produce for examination, inspection, and copying by Defendant, its attorneys, or others acting on Defendant's behalf, the documents and things set forth below at the offices of Defendant's attorneys, Crowell & Moring LLP, 3 Embarcadero Center, 26th Floor, San Francisco, CA, 94111, no later than thirty (30) days after service of these document requests ("Requests" and each a "Request").

## DEFINITIONS

      Insofar as any of the terms below are used herein, the following definitions shall apply:

      1.      "PLAINTIFF" means You, as well as any person or entity acting on your behalf as an agent, representative, or in any other formal or informal capacity.

2.    "DEFENDANT" means Proctorio, Inc.

3.    "YOUTUBE" means the entity that owns, manages, and otherwise controls the website https://www.youtube.com, and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.    "TWITTER" means the entity that owns, manages, and otherwise controls the website https://www.twitter.com, and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.    "PASTEBIN" means the entity that owns, manages, and otherwise controls the website https://www.pastebin.com, and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

6.    "REDDIT" means the entity that owns, manages, and otherwise controls the website https://www.reddit.com, and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

7.    "GITHUB" means the entity that owns, manages, and otherwise controls the website https://www.github.com, and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

8.    "DMCA NOTICES" mean takedown notices or counter-notices filed pursuant to section 512 of the Digital Millennium Copyright Act.

9.    "LINKLETTER" means Ian Linkletter, the individual with the Twitter handle @Linkletter, as well as any person or entity acting on his behalf as an agent, representative, or in any other formal or informal capacity.

10.    "FIGHT FOR THE FUTURE" means the entity that goes by the name Fight for the Future that controls the website https://www.fightforthefuture.org and any of its present or

former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

11. "EFF" means the entity that goes by the name the Electronic Frontier Foundation and any of its former or present officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

12. "MIAMI UNIVERSITY" means the school named Miami University-Ohio, which You state in the COMPLAINT (defined herein) that You attend.

13. "SATHEESAN" means Akash Satheesan, the individual who goes by the name Oxylibrium when posting materials online and who has published blog posts at the website https://proctor.ninja.

14. "DEVOY" means John Devoy, an employee at Proctorio, Inc., and the individual that You identified in a May 8, 2020, Tweet on Your @ejohnson99 TWITTER account.

15. "OLSEN" means Mike Olsen, the CEO of Proctorio, Inc., and the individual that You identify in the COMPLAINT (defined herein).

16. "PROCTORING SOFTWARE INDUSTRY" means the companies that have developed and license software to facilitate remote proctoring services, and which includes, though may not be limited to, DEFENDANT, ExamSoft, and ProctorU.

17. "COMPLAINT" means the filing You made to initiate this litigation.

18. "DEFENDANT'S PRODUCT" means the proctoring software that DEFENDANT created and licenses and that is identified in and discussed throughout the COMPLAINT.

19. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter or other medium of any kind or character, however produced, reproduced, or stored upon which intelligence or information is recorded or from which intelligence or information can be derived, which is or has been in your possession, custody, or control.  The term "DOCUMENT" or "DOCUMENTS" specifically includes information, data, and material

CROWELL & MORING LLP
ATTORNEYS AT LAW

produced, stored, or maintained in electronic, magnetic, and/or computerized media or devices. Any non-identical copies of a DOCUMENT (whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise) are to be considered a separate "DOCUMENT" or "DOCUMENTS."

20.     "COMMUNICATION" or "COMMUNICATIONS" means any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type, and/or media of any kind.

21.     "RELATE TO," "RELATED TO," AND "RELATING TO" mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

22.     "PERSON" and "PERSONS" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

23.     "ANY" shall mean any or all and the term "ALL" shall mean any or all.

24.     "AND" and "OR" and "BETWEEN" and "AMONG" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

25.     "ACADEMIC MISCONDUCT" means any action that a teacher, administrator, or any other PERSON in school leadership position considers to be a violation of the school's own rules, whether formal or informal, RELATED TO the classroom experience.

26.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include

CROWELL & MORING LLP
ATTORNEYS AT LAW

4

the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

**GENERAL INSTRUCTIONS**

1.      You shall IDENTIFY, produce, AND permit the visual inspection AND reproduction of the following DOCUMENTS, electronically stored information, AND things which are in your possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, AND things in the actual OR constructive possession of You, your attorneys, experts, AND anyone else acting on your behalf.  The production and visual inspection shall take place at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is worldwide.

4.      If You claim that ANY DOCUMENT, tangible object, OR other thing responsive to ANY request was once in its possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, You shall IDENTIFY with particularity each such DOCUMENT AND set forth:

    (a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed;

    (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND

    (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that You contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, You shall:

    (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), AND addressee(s);

    (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed;

    (c) state the general subject matter of the DOCUMENT; AND

CROWELL & MORING LLP
ATTORNEYS AT LAW

(d) state the ground on which the claim of privilege OR immunity from disclosure is based.

Failure to do so will constitute a waiver of such a claim.

6.      If You claim a privilege OR immunity with regard to ANY DOCUMENT responsive to ANY discovery request below, You should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege OR immunity.

7.      These requests are continuing in nature under Rule 26(e) of the Federal Rules of Civil Procedure.  If, at ANY time prior to the completion of the above-captioned matter, You obtain OR become aware of additional DOCUMENTS, tangible objects, AND things responsive to these requests, You shall promptly supplement your response to provide such DOCUMENTS, tangible objects, AND things to DEFENDANT.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL TWITTER posts made by You on ALL TWITTER accounts controlled by You.

**REQUEST FOR PRODUCTION NO. 2:**

ALL YOUTUBE posts made by You on ALL YOUTUBE accounts controlled by You.

**REQUEST FOR PRODUCTION NO. 3:**

ALL PASTEBIN posts made by You on ALL PASTEBIN accounts controlled by You.

**REQUEST FOR PRODUCTION NO. 4:**

ALL REDDIT posts made by You on ALL REDDIT accounts controlled by You.

**REQUEST FOR PRODUCTION NO. 5:**

ALL GITHUB posts made by You on ALL GITHUB accounts controlled by You.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You and FIGHT FOR THE FUTURE.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You and LINKLETTER.

CROWELL & MORING LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 8:**

ALL non-privileged DOCUMENTS AND COMMUNICATIONS BETWEEN You and EFF that predate the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You and ANY PERSON on the university subcommittee identified in ¶ 13 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You and ANY journalist or other member of the media RELATING TO the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You and SATHEESAN.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO your academic records, including ANY grade reports You have received.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY training or education You have received relating to software coding OR development.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY training or education You have received relating to data privacy OR security.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO the "application to work in [Miami University's] IT Security department," including but not limited to ANY DOCUMENTS AND COMMUNICATIONS regarding Your prospects to obtain the position, as You described in ¶ 43 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS AND COMMUNICATIONS that You would have posted on TWITTER, YOUTUBE, REDDIT, PASTEBIN, GITHUB, or on ANY other platform but-for the

CROWELL & MORING LLP
ATTORNEYS AT LAW

7

"takedowns and legal threats by Proctorio," as You stated in ¶ 50 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY "further investigation[s] of the Proctorio Software" You would have completed but-for your "fear that reporting on [the] findings will elicit more harassment," as You stated in ¶ 50 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO PROCTORIO, INCLUDING but not limited to ALL DOCUMENTS AND COMMUNICATIONS RELATED TO OLSEN OR DEVOY.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY allegation of ACADEMIC MISCONDUCT made against You, even if that allegation was ultimately contested, dropped, or otherwise disproven.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY allegation of ACADEMIC MISCONDUCT made against ANY PERSON other than You.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your use of DEFENDANT'S PRODUCT.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY access You have had to DEFENDANT'S PRODUCT.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS AND COMMUNICATIONS BETWEEN You AND MIAMI UNIVERSITY RELATED TO the PROCTORING SOFTWARE INDUSTRY, including but not limited to DOCUMENTS AND COMMUNICATIONS RELATED TO DEFENDANT OR DEFENDANT'S PRODUCT.

CROWELL & MORING LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS AND COMMUNICATIONS that You have published in any publication or on any website, blog, or other publicly-accessible forum – beyond those specifically detailed in Requests for Production Nos. 1-5 – RELATED TO DEFENDANT, DEFENDANT'S PRODUCT, OR the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the DEFENDANT'S response to the December 2020 letter sent by U.S. Senator Richard Blumenthal and other U.S. Senators.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your "careful[] review[ of] publicly available information [RELATED TO DEFENDANT'S PRODUCT], including portions of Proctorio's software code," as You stated in ¶ 3 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your decision to post ANY of the materials onto TWITTER, YOUTUBE, PASTEBIN, AND GITHUB that You reference in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your examination of DEFENDANT'S PRODUCT, including without limitation the scientific work-papers and similar documents you must have created to conduct the examination that You identify in ¶ 14 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO "every effort" You took "to explain the lawfulness of [Your] conduct to Proctorio," as stated in ¶ 5 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the bases for Your

CROWELL & MORING LLP
ATTORNEYS AT LAW

conclusion that You are a "security researcher," as You stated in ¶ 11 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your allegation that your IP address was banned from access to DEFENDANT'S PRODUCT, as You alleged in ¶ 29 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO being "forced to seek special accommodations for taking exams that [Your] professors administered through" DEFENDANT'S PRODUCT, as You stated in ¶ 29 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS AND COMMUNICATIONS that you sent to TWITTER, PASTEBIN, OR GITHUB RELATING TO ANY copyright disputes.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your determination that Your publication of the materials referenced in the COMPLAINT constituted fair use.

**REQUEST FOR PRODUCTION NO. 35:**

ALL COMMUNICATIONS with ANY college or university other than MIAMI UNIVERSITY RELATED TO the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 36:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 37:**

ALL DOCUMENTS AND COMMUNICATIONS with ANY entity other than a college or university RELATED TO the PROCTORING SOFTWARE INDUSTRY.

**REQUEST FOR PRODUCTION NO. 38:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Your complete application for admission to MIAMI UNIVERSITY, INCLUDING but not limited to any essays and recommendation letters that accompanied your application.

CROWELL & MORING LLP
ATTORNEYS AT LAW

Dated:  September 30, 2021

CROWELL & MORING LLP

By: _____
    Justin D. Kingsolver
      JKingsolver@crowell.com
    CROWELL & MORING LLP
    1001 Pennsylvania Avenue NW
    Washington, D.C.  20004
    Telephone:  202-624-2500

    Gabriel M. Ramsey*
      GRamsey@crowell.com
    Kristin Madigan*
      KMadigan@crowell.com
    Kayvan M Ghaffari*
      KGhaffari@crowell.com
    Jacob Canter*
      JCanter@crowell.com
    CROWELL & MORING LLP
    3 Embarcadero Center, 26th floor
    San Francisco, California 94111
    Telephone:  415-986-2800

    *Admitted pro hac vice.

    Attorneys for Defendant Proctorio, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>September 30, 2021</u>, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court E-Filing system, which sends notification of such filings to all registered participants.

By: ___/s/ Justin D. Kingsolver___