UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Proctorio Inc., a Delaware corporation,<br><br>Defendant. | No. CV-21-00691-PHX-DLR<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER** |
| Proctorio Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>Erik Johnson, an individual,<br><br>Counterdefendant. | |

Pursuant to the Stipulation of the Parties, and good cause shown, it is hereby ORDERED:

The Court, having read and considered the parties' Stipulated Motion for Entry of Protective Order, and good cause appearing,

IT IS ORDERED granting the Stipulated Motion for Entry of Protective Order.

IT IS FURTHER ORDERED as follows:

Pursuant to Federal Rules of Civil Procedure Rule 26(c), the following provisions shall govern the pretrial disclosure and use by the parties of documents, electronically

stored information ("ESI"), testimony, and other information (collectively "Information") given during the course of discovery. Nothing herein is intended to preclude a party from objecting to discovery or disclosure based on a claim of privilege, work product, relevancy or any other grounds permitted by applicable law, including without limitation, that the Information is proprietary or a trade secret and is not subject to disclosure in spite of the existence of this Order. The existence of this Order, standing alone, is not a basis to compel disclosure of such Information.

1. <u>Introduction and Scope</u>. Discovery in this case may require disclosure of Information which the parties or producing party (the "Producing Party") consider confidential in nature and which may require protection against unrestricted disclosure and use. This Order shall govern documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, discovery responses, and correspondence between counsel. "Receiving Party" means any party who receives Information from a Producing Party.

2. <u>Designation of Certain Information as "CONFIDENTIAL."</u> The Producing Party may designate Information as "CONFIDENTIAL" if such Information contains non-public, sensitive, or confidential information. Such Information shall be so identified at the time of service of such Information by including on each page the legend "CONFIDENTIAL." For digital files being produced, the Producing Party may mark each viewable page or image with the legend "CONFIDENTIAL."

The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

3. <u>Designation of Certain Information as "ATTORNEY EYES ONLY."</u> A Producing Party may designate Information as "ATTORNEY EYES ONLY" if such Information contains especially sensitive confidential information that is not generally known or determinable from publicly available sources; that derives commercial value from remaining confidential; and that, in the good faith judgment of the Producing Party, is substantially likely to cause competitive injury to the Producing Party if disclosed to the other parties in this litigation. Such Information shall be so identified at the time of service of such Information by including on each page the legend "ATTORNEY EYES ONLY." For digital files being produced, the Producing Party may mark each viewable page or image with the legend "ATTORNEY EYES ONLY."

The designation of any document, material, or information as "ATTORNEY EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection. A party designating Information as "ATTORNEY EYES ONLY" may do so only upon a good faith belief that disclosure other than subject to these terms is substantially likely to cause the Producing Party to suffer harm to its competitive interests. In accordance with its extraordinary nature, the "ATTORNEY EYES ONLY" designation should be used sparingly and in limited circumstances. *See Ragland v. Blue Cross Blue Shield of N. Dakota*, 1:12-CV-080, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013) ("[D]esignation of material as 'attorneys' eyes only' should be reserved for only those rare instances in which it is truly justified, *i.e.,* when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived and there is no other effective alternative. . . . In other words, it should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party.").

4. <u>Designation of Certain Information as "SOURCE CODE."</u> A Producing Party may designate Information as "SOURCE CODE" if such Information is computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, and that in the good faith judgment of the Producing Party, is likely to create a substantial risk of serious competitive harm to the Producing Party if disclosed to other parties in this litigation.

The designation of any document, material, or information as "SOURCE CODE," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection. A party designating Information as "SOURCE CODE" may do so only upon a good faith belief that disclosure other than subject to these terms is substantially likely to cause the Producing Party to suffer harm to its competitive interests. For avoidance of doubt, no document, material, or information available on the public docket in this case as of the date of the entry of this order may be designated as "SOURCE CODE."

5. <u>Limitations on Access to Information</u>. Except as otherwise provided in this Order, "CONFIDENTIAL," "ATTORNEY EYES ONLY," and "SOURCE CODE" Information shall not, without prior written consent of the Producing Party, (a) be disclosed to anyone other than the Court, its officers and its clerical staff, and the relevant Authorized Personnel specified in Paragraphs 6, 7, and 8 of this Order; or (b) be used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing in this Order shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation.

6. <u>Limitations on Access to "CONFIDENTIAL" Information</u>. Access to and disclosure of "CONFIDENTIAL" Information marked and identified in accordance with

this Order shall be limited to the Court, its officers and its clerical staff, and to the "Confidential Authorized Personnel." Confidential Authorized Personnel are:

   (a) Outside counsel for the parties to this lawsuit, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

   (b) Any individual party, or for any party that is not an individual, not more than three representatives who are officers or employees of the party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

   (c) Any outside expert or consultant and their staff who are retained by a party or attorney to assist in this action. A party desiring to disclose "CONFIDENTIAL" (or "ATTORNEY EYES ONLY" or "SOURCE CODE") Information to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for one year following the final termination of this Civil Action. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

   (d) Employees of outside vendors providing document production services, copy services, and exhibit preparation services in connection with this litigation provided that each vendor execute an Acknowledgement in the form provided in Exhibit A;

   (e) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

   (f) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior

to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the Producing Party as having been provided with the document or information therein. Such person shall be considered "Confidential Authorized Personnel" solely with respect to the specific document or information therein;

   (g) Third-party mediators selected by the parties;

   (h) Any other person with the prior written consent of the Producing Party.

  7. <u>Limitation on Access to "ATTORNEY EYES ONLY" Information</u>. Access to and disclosure of "ATTORNEY EYES ONLY" Information marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the "AEO Authorized Personnel." AEO Authorized Personnel are:

   (a) Outside counsel of record for the parties to this lawsuit, including other attorneys in the law firm, and paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

   (b) Any outside expert or consultant and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "ATTORNEY EYES ONLY" Information to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for one year following the final termination of this Civil Action. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

   (c) Employees of outside vendors providing document production services, copy services, and exhibit preparation services in connection with this litigation

provided that each vendor execute an Acknowledgement in the form provided in Exhibit A;

   (d) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

   (e) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the Producing Party as having been provided with the document or information therein. Such person shall be considered "AEO Authorized Personnel" solely with respect to the specific document or information therein;

   (f) Third-party mediators selected by the parties;

   (g) Any other person with the prior written consent of the Producing Party.

  8. <u>Limitation on Access to "SOURCE CODE" Information.</u>

   (a) Protected material designated as "SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The "SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "SOURCE CODE" onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the "SOURCE CODE"  It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of

any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

(b) The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or approved by the Court) of portions of "SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "SOURCE CODE" other than electronically as set forth in paragraph (a) in the first instance. The Producing Party shall provide all such "SOURCE CODE" in paper form including bates numbers and the label "SOURCE CODE."

(c) The Receiving Party shall maintain a record of any individual who has inspected any portion of the "SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. In the event depositions are held remotely, the parties agree to work in good faith to ensure that copies of material designated as "SOURCE CODE" are reasonably available to the deponent during such depositions.

(d) Protected material designated as "SOURCE CODE" may be present on Information that is produced during the normal course of discovery (i.e., emails or

internal memoranda).  In such circumstances, "SOURCE CODE" Information shall be subject to all of the protections afforded "ATTORNEY EYES ONLY" Information.

9. <u>Designation of Deposition or Other Testimony</u>. Deposition and other testimony may also be designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE."  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within 30 days of receipt of the transcript of the testimony (the "Designation Time Period").  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" during the Designation Time Period.  Any party that wishes to disclose the transcript, or information contained therein, not designated confidential pursuant to this Protective Order prior to the expiration of the Designation Time Period may provide written notice of its intent to treat the transcript as non-confidential, after which time any party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within 14 days, or else the transcript may be treated as non-confidential.  If no designation is made prior to the end of the Designation Time Period, the transcript will not be confidential.

Any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains

confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information based on the designation of such Information other than the deponent, deponent's counsel, the reporter and videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information. A party may not exclude another party from an entire deposition without giving notice of its intention to do so promptly upon receipt or service of the Notice of Deposition and giving the other party an opportunity to object to such exclusion. Nothing in this provision is intended to alter the rules for who can attend portions of depositions that are not designated as confidential.

10. <u>Party's Own Information</u>. The restrictions on the use of Information established by this Protective Order are applicable only to Information received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Information.

11. <u>Related Material</u>. The restrictions on the use of Information established by this Protective Order shall extend to: (i) all copies, extracts, and complete or partial summaries prepared from such Information; and (ii) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Information, copies, extracts, or summaries, provided that such writings are identified as containing "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information.

12. <u>Procedures for Filing Designated Material</u>.

(a) Absent written permission from the Producing Party or a court order secured after appropriate advance notice to all interested persons, a Receiving Party may not file or disclose in the public record any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information.

(b) Any party seeking to file any documents with the Court in this action that contain or attach "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information shall lodge such documents under seal pursuant to the Court's rules and filing procedures, including LRCiv 5.6 and the Electronic Case Filing Administrative Policies and Procedures Manual, to the extent necessary after the parties confer as required by LRCiv 5.6. In addition to lodging the documents under seal, the party shall also lodge a publicly accessible version of the documents, with the "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information redacted.

(c) The conference required by LRCiv 5.6(d) shall occur no later than three business days before the anticipated filing date. At that conference, the parties shall also confer about appropriate redactions. If the parties are unable to agree on whether sealing is justified and/or what material must be redacted, then the party that wishes to file the document or refer to the "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information must email the document and identify the Information to be included to the party who designated the material no later than two business days before the anticipated filing date in order to allow the Producing Party to identify appropriate redactions, and the party that wishes to file the document shall adopt those redactions in the publicly accessible versions of the document.

(d) Nothing in this Protective Order shall be construed as automatically permitting a party to file any document under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1174 (9th Cir. 2006); *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

13. <u>Use of Information at Hearing or Trial</u>. At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information for any purpose. In the event that any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

14. <u>Challenge to Designation</u>. In the event that the Receiving Party disagrees with a designation by the Producing Party, then the parties initially will try to resolve the dispute on an informal basis, within five business days from the date that the Receiving Party raises the objection to the designation (or a mutually agreed upon longer period) in writing. Any such objection must be asserted in writing.  Any disputed items shall be treated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information, as designated, and subject to the protections of this Order unless and until the Producing Party withdraws the designation in writing or the Court rules that the disputed items are not entitled to the designation. If the parties are unable to resolve their differences informally, then the objecting party may initiate a discovery dispute conference call consistent with the terms of this Court's Rule 16 Scheduling Order to request disclosure.

In connection with any procedure initiated under this provision, the party designating the information as "CONFIDENTIAL" (or "ATTORNEY EYES ONLY" or

"SOURCE CODE") shall bear the burden of establishing that good cause exists for the disputed information to be so treated. Neither party shall be obligated to challenge the propriety of a "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" designation, and failure to do so shall not constitute an admission that any Information is in fact properly designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE." Information marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the Producing Party or ordered by the Court.

15. <u>Subpoenas or Court Orders</u>. If at any time "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every party who has produced such Information and to its counsel, and shall provide each such party with an opportunity to object to the production of the Information as precluded by this Protective Order or move for a protective order regarding the production of "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information implicated by the subpoena.

16. <u>Other Protections</u>.

(a) This Protective Order shall not preclude any party from seeking additional protection with respect to the confidentiality of Information as that party deems appropriate, including seeking certain processes be put into place through either a separate Order of the Court or by agreement of the parties. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Information otherwise prohibited by this Protective Order;

(b) Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information other than as permitted by this Order;

   (c) If the Court orders that access to or dissemination of any type of Information shall be had by or made to persons not included in Paragraphs 5, 6, or 7 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Order, and in all other respects shall be considered subject to it; and

   (d) If it becomes necessary for counsel for a party receiving "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information to seek the assistance of any person other than those specified in Paragraph 5, 6, or 7 above, the following procedures shall be employed:

    (i) Counsel for the Receiving Party shall notify, in writing, counsel for the Producing Party of the desire to disclose such "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information and shall identify the person(s) to whom counsel intends to make such disclosure;

    (ii) If no objection to such disclosure is made by counsel for the Producing Party within five business days of such notification, counsel for the Receiving Party shall be free to make such disclosure to the designated person(s);

    (iii) If the Producing Party objects to such disclosure, no disclosure shall be made at that time. However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information can be disclosed to the designated person(s), and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

  17. <u>Inadvertent Failure to Designate</u>. If, through inadvertence, a Producing Party provides any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information in this litigation without marking the information as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" the

14

Producing Party may subsequently inform the Receiving Party in writing of the "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" nature of the disclosed Information, and the Receiving Party shall treat the disclosed information in accordance with this Order after receipt of such written notice and shall make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. The Producing Party must promptly reproduce the disclosed Information with the correct confidentiality designation, after which time the Receiving Parties shall return or securely destroy the improperly designated copies. Prior disclosure of material later designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" by the non-designating party or a third party shall not constitute a violation of this Order, unless an objectively reasonable person would have realized that the Information should have been appropriately designated with a confidentiality designation under this Order.

18. <u>Inadvertent Disclosure</u>. If "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to retrieve the improperly disclosed Information and prevent further disclosure.

19. <u>Inadvertent Disclosure of Privileged Material</u>. If a Producing Party through inadvertence produces or provides Information that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the Producing Party may give prompt written notice to the Receiving Party that the Information is deemed privileged and that return of the Information is requested, in which case the inadvertent disclosure will not waive the applicable privilege and/or protection. Upon such written notice, the Receiving Party shall immediately gather the original and all

copies of the Information of which the Receiving Party is aware and shall immediately return or securely destroy the original and all such copies. Return of this Information by the Receiving Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Information, and shall not prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Information and such other details as are reasonably necessary to identify the Information and describe its nature to the Court in any motion to compel production.

20.  <u>Guidance Regarding Paragraphs 2–4.</u> The parties agree that the definitions of "CONFIDENTIAL," "ATTORNEY EYES ONLY," and "SOURCE CODE" in Paragraphs 2 through 4 of this Order are likely not met when the Information:

(a) is, at the time of disclosure, available to the public, by publication or otherwise, through no act or failure to act on the part of the Receiving Party or their agents, and is not otherwise protected from disclosure as a result;

(b) becomes at any time, through no act or failure to act on the part of the Receiving Party, available to the public, by publication or otherwise;

(c) is determinable from publicly available sources, through no act or failure to act on the part of the Receiving Party;

(d) is already in the possession of a party at the time of disclosure by the other party and was acquired under conditions not requiring the confidential treatment of the material, other than directly or indirectly from the Producing Party; or

(e) is made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

This paragraph constitutes guidance regarding the interpretation of Paragraphs 2 through 4 and does not supersede Paragraph 12. Each party retains the right to make its own designations, and a designation may be changed only if the parties engage in the

process described in Paragraph 12 or through some other process that provides adequate notice to the Producing Party and an opportunity for communication between the parties.

21. <u>Return of Information</u>.

(a) After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have 90 calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession. Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within 60 days after this written notice is received. Upon request, the party returning or destroying materials under this paragraph shall provide a written certificate to the Producing Party attesting to the return or destruction of all designated materials.

(b) The parties and their counsel will not be required to destroy electronic backups containing "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" information, provided that (1) the electronic backups are kept in the ordinary course of business and are not specific to this case; (2) if, in the ordinary course of business, the backups are destroyed on a normal schedule, then the backups containing "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" information must be destroyed on that normal schedule; and (3) the parties or their counsel must continue to comply with the requirements of this Protective Order until all such electronic backups have been destroyed.

22. <u>Waiver or Termination</u>. The provisions of this Protective Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court. This Order shall survive the final termination of this proceeding with respect to any retained "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE

CODE" Information. Unless otherwise agreed by the parties or further court order, termination of the proceedings shall not relieve any person from the obligations of this Protective Order.

23. <u>Notice</u>. All notices required by this Protective Order are to be served via email or hand-delivery to counsel for the parties. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Information under this Order.

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Proctorio Inc., a Delaware corporation,<br><br>　　　　　　　Defendant. | No. CV-21-00691-PHX-DLR<br><br>**DECLARATION AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| Proctorio Inc., a Delaware corporation,<br><br>　　　　　　　Counterclaimant,<br><br>　vs.<br><br>Erik Johnson, an individual,<br><br>　　　　　　　Counterdefendant. | |

　　　I, _____, declare that:

　　　1.　My address is _____
_____.

　　　2.　My present employer is _____ and the address of my present employer is _____
_____.

　　　3.　I have read and know the contents of the Stipulated Protective Order (the "Order") dated _____.

　　　4.　I acknowledge that I am one of the persons described in the Order, and I am executing this Declaration in order to satisfy the conditions provided in the Order prior to

the disclosure to me of any "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information as defined in the Order.

5. I have read and agree to be fully bound by the terms of the Order.

6. All such documents and information disclosed to me pursuant to the Order will be maintained by me in strict confidence, and I will not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the Order.

7. I will not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Order.

8. Upon being notified of the termination of the above-entitled action, I will return all copies of such documents to counsel from whom I received the documents, and I will destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

9. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

10. I understand that any disclosure or use of "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "SOURCE CODE" Information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____