UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Proctorio Inc., a Delaware corporation,<br><br>Defendant.<br><br>Proctorio Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>Erik Johnson, an individual,<br><br>Counterdefendant. | No. CV-21-00691-PHX-DLR<br><br>**[PROPOSED]<br>ORDER REGARDING<br>DISCOVERY OF<br>ELECTRONICALLY STORED<br>INFORMATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

The Court, having read and considered the parties' Stipulated Motion for Entry of an Order Regarding Discovery of Electronically Stored Information (the "ESI Motion"), and good cause appearing,

IT IS ORDERED granting the ESI Motion.

IT IS FURTHER ORDERED as follows:

1. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of

discovery.

2. The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

3. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

4. No provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the Stipulated Protective Order governing this case. To the extent source code files are contained within emails, as attachments to emails, or embedded within other ESI produced in accordance with this order, a slip sheet shall be provided to note where source code files have not been produced. Documents where source code has been redacted, however, need only include labels to note that source code has been redacted.

# APPENDIX 1

Electronically stored information ("ESI") shall have the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A) and authorities interpreting that Rule. As required by the Rules, documents shall be produced as they are maintained in the ordinary course of business, including all relevant metadata, and maintaining to the extent reasonably and efficiently possible the documents and attachments or affixed notes as they existed in the original when creating the image file.

## FILE FORMATTING

All ESI shall be produced in either (1) native or near-native format; or (2) image files with associated text and load files, formatted as follows:

- Image files shall be single-page, Group IV TIFF (tagged image file format) files. Each image shall have a legible, unique fixed-length numeric identifier (bates number) electronically affixed onto the image in no less than 8-point font. Image files shall be named with the bates number of the page.

- Text files shall contain full extracted text for all file types, one text file per document. Text files shall be named to match the bates number of the first page of the document (Beg Bates Number).

- Johnson shall produce Concordance DAT load files with standard delimiters and accompanied by an Opticon image load file, in .csv format. Proctorio shall produce DAT, OPT load files that can be loaded by Ipro eclipse, with standard delimiters and accompanied by an Opticon image load file, in .csv format. Load files shall contain the metadata listed below.

## METADATA FIELDS

If producing documents as image files with text and load files, the load files shall contain metadata that can be reasonably and efficiently extracted for each category below:

| Field Name | Field Description |
|---|---|
| BegBates | Beginning Bates Number |
| EndBates | Ending Bates Number |

| | | |
|---|---|---|
| 1 | BegAttach | Beginning Bates number of the first document in a document family range. Documents that are part of document families, *i.e.*, containing parents and attachments should receive a value |
| 2 | | |
| 3 | EndAttach | Ending Bates number of the last document in attachment range in a document family range. Documents that are part of document families, *i.e.*, containing parents and attachments should receive a value |
| 4 | | |
| 5 | | |
| 6 | Custodian | Name of the Custodian of the Document produced |
| 7 | Duplicate Custodian | Names of all custodians who had a copy of a document that was removed through the de-duplication process, if applicable LastName_FirstName format |
| 8 | | |
| 9 | FileName | Filename of the original source ESI as stored by the custodian |
| 10 | NativeLink | Path and filename to produced Native Format file (see Paragraph 4.4) |
| 11 | | |
| 12 | EmailSubject | Subject line extracted from an email message |
| | Title | Title field extracted from the metadata of a non-email document |
| 13 | Time Zone | Time zone setting used for data processing |
| 14 | Pages | Page Count |
| 15 | Author | Author field extracted from the metadata of a non-email document |
| 16 | From | From field extracted from an email message |
| 17 | To | To or recipient field extracted from an email message |
| 18 | Cc | CC or Carbon Copy field extracted from an email message |
| 19 | BCC | BCC or Blind Carbon Copy field extracted from an email message |
| 20 | DateSent | Sent date and time of an email message (mm/dd/yyyy hh:mm:ss format) |
| 21 | | |
| 22 | DateLastModified | Last modification date and time (mm/dd/yyyy hh:mm:ss format) |
| 23 | HashValue | MD5 or SHA-1 hash value |
| | File Extension | File extension of a document (.msg, .doc, .xls, etc.) |
| 24 | ExtractedText | File path to extracted Text/OCR file |
| 25 | Confidentiality | "Confidential" or "Highly Confidential" if a document has been so designated, otherwise blank |
| 26 | | |
| 27 | Attach Count | Number of attached files |
| 28 | Message_ID | The Outlook Message ID assigned by the Outlook mail server, if |

|  | applicable |
|---|---|
| Reference Chain | The Outlook message "Reference Chain" if applicable |
| Embedded Source | The document number of the source file from which the embedded file was extracted (if applicable) |
| Folder Path | Email folder |
| Importance: | Email importance level |

### DOCUMENTS TO BE PRODUCED NATIVELY

Even if a party chooses to produce the bulk of documents as image files with text and load files, the party must produce the following file types as native files. Microsoft Excel and other spreadsheet files, including comma or tab delimited text files, Microsoft Access and other database files, videos, audio files, animation files, and Power Point and other presentation files shall be produced in native format, if available. If a document to be produced in native format contains privileged information, the document will be produced by producing the document in TIFF format with redactions to the extent reasonably, efficiently, and technically possible.

### WORD FILES

Word processing files, including but not limited to Microsoft Word files (*.doc and *.docx), will be produced in .tiff image format and will display tracked changes, comments, or similar data.

### ATTACHMENTS

If any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege.

### SOCIAL MEDIA WEBSITES

All material may be produced by capturing information through "screen shots" or "screen captures" and converting the information into images along with corresponding extracted text or OCR.

Alternatively, the producing party may produce the results of a bulk export of an

account, such as by exporting out a profile from Linkedin or downloading a copy of an individual's Facebook data or archive.

## INSTANT MESSAGING APPLICATIONS

Electronic messages such as text messages, chats, and instant messages (IMs), including both SMS messages sent over cellular networks and messages sent over the Internet using applications such as WhatsApp, Signal, iMessage, Facebook Messenger, Twitter (via direct message), Slack, Google Chat, and many others, must be produced as image files with related searchable text and attachments, in addition to metadata and bibliographic information that can be reasonably and efficiently extracted.

Depending on how the custodian's system represents names in email messages, IMs or text messages, the party may request a table of names or contact lists from custodians. The parties shall meet and confer over such a request.

## ENCRYPTION

The parties will make reasonable efforts to ensure that all encrypted or password-protected documents are successfully processed for review and production and if produced in native format, the decrypted document is produced. To the extent such documents are not successfully processed despite use of reasonable efforts, a placeholder TIFF image may be produced in place of each such document indicating that a security protection could not be removed.

## METHOD OF PRODUCTION

All ESI will be produced via secure file transfer or shareable database link. In the event that the information is too large for a secure file transfer or shareable database link, it will be placed on a hard drive, CD, or another generally-accepted electronic medium.

## MEET AND CONFER

If a party believes that any of the provisions of this ESI Protocol would create an undue burden or are unreasonable or inefficient as to a particular document or type of document, the parties agree to meet and confer about which provisions are reasonably necessary in light of the circumstances.

**OBJECTIONS PRESERVED**

Nothing in this ESI protocol shall be interpreted to require disclosure of documents or ESI protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or exemption from discovery.

The parties do not waive any objections to the production, discoverability, or confidentiality of ESI, hard copy materials, or any other discovery materials.