**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Johnson, | No. CV-21-00691-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Proctorio Incorporated, | |
| Defendant. | |

At issue is Defendant's motion to strike paragraphs 37-41 of Plaintiff's complaint (Docs. 14, 27), which is fully briefed (Docs. 25, 29) and will be denied.[1]

On its own or upon timely motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted). Courts generally will not grant a motion to strike unless the movant can

---

[1] Oral argument is denied because the issues are adequately briefed, and oral argument will not help the Court resolve the dispute. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

show that the matter at issue has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

Defendant argues that paragraphs 37-41 of the complaint should be stricken because they reference confidential settlement discussions that would be inadmissible at trial under Federal Rule of Evidence 408. As such, Defendant argues that these paragraphs are immaterial. Plaintiff disputes whether paragraphs 37-41 fall within the scope of Rule 408. But Plaintiff also contends that a Rule 12(f) motion to strike is an inappropriate vehicle for raising a Rule 408 evidentiary objection. The Court finds this latter argument dispositive.

Both parties cite case law supporting their position on this issue. Courts disagree on whether Rule 408 evidentiary objections may properly be raised in a Rule 12(f) motion to strike. Even within this district, courts have diverged on the question. *Compare TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010) (concluding that Rule 408 cannot be invoked as a basis for striking allegations in a pleading), *with Ogundele v. Girl Scouts-Arizona Cactus Pine Council, Inc.*, No. CV-10-1013-PHX-GMS, 2011 WL 1770784, at *9 (D. Ariz. May 10, 2011) (concluding that material covered by Rule 408 may properly be stricken from a pleading as immaterial). On this score, the Court finds *TriQuint*'s thorough analysis of the issue persuasive:

> Rule 408 is a rule of evidence governing the admissibility of settlement discussions as evidence at trial. Fed. R. Evid. 408. Specifically, Rule 408 provides that evidence of "conduct or statements made in compromise negotiations" regarding "a claim that was disputed as to the validity or amount" is not admissible to prove "liability of, or amount" of that claim. *Id.* However, "Rule 408 does not prevent the discovery of such settlement discussions." *Papas, II. v. TZVI Bercovici*, No. CV-07-2338-PHX-JAT, 2008 WL 2687441, *7 (D.Ariz. 2008).
>
> Rule 12(f) governs striking material from pleadings, not evidence. Fed. R. Civ. P. 12(f); *see PTR, Inc. v. Forsythe Racing, Inc.*, No. CV 08-5517, 2009 WL 1606970, *3-4 (N.D. Ill. 2009) ("Allegations in a complaint are not evidence."). "Even if the statements are later determined to be inadmissible ... they need not be stricken from the pleadings." *PTR, Inc.*, 2009 WL 1606970 at *3-4.
>
> Disputes over Rule 408 should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule

>   12(f) motions. *Peace Software, Inc. v. Hawaiian Elec. Co., Inc.*, 2009 WL 3923350, *8-9 (D. Haw. 2009) (noting that the court typically reviews only the face of the complaint to determine validity of Rule 12(f) motions and declining to strike allegations of a complaint under Rule 408 and an alleged NDA); *see BPI Energy, Inc. v. IEC*, No. CV-09-00408, 2007 WL 3355363, *1 (S.D. Ill. 2007) (denying motion to strike under a NDA and Rule 408, and holding "[t]he Second Amended Complaint is not evidence; rather it sets forth allegations. Therefore, on its face, Rule 408 is not applicable at this juncture."); *Steak Umm Co. v. Steak 'em UP, Inc.*, No. CV-09-2857, 2009 WL 3540786, *3 (E.D. Pa. 2009) ("[Rule 408] is a rule of evidence and does not govern pleadings;" denying motion where reference to settlement discussions may be potentially relevant).

*TriQuint*, 2010 WL 3034880, at *3-4; *see also Ocean Garden Products Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2019 WL 396873, at *1 (D. Ariz. Jan. 29, 2019) (noting that courts are divided on this question but siding with *TriQuint* "[g]iven the disfavored status of motions to strike").[2]

Accordingly, the Court does not decide whether the allegations in paragraphs 37-41 of the complaint are within the scope of Rule 408. Defendants remain free to raise that issue in a motion in limine if Plaintiff attempts to use these communications as evidence at a later stage of this litigation. But because pleadings contain allegations, not evidence, the Court will not strike paragraphs 37-41 under a rule that governs the admissibility of evidence, not the content of pleadings.

///

///

---

[2] The undersigned has once before relied on *Ogundele* for the proposition that matter inadmissible under Rule 408 may be stricken from a pleading as immaterial under Rule 12(f). *See Jett v. Cnty of Maricopa*, No. CV-19-02735-PHX-DLR, 2019 WL 6310252, at *1 (D. Ariz. Nov. 25, 2019). But in that case, neither party disputed this issue nor cited the Court to the contrary line of authority. Having now considered the arguments to the contrary, the Court finds *TriQuint* more persuasive than *Ogundele*, and agrees with *Ocean Garden* that, absent contrary guidance from the Ninth Circuit or Supreme Court, any doubts about the propriety of raising Rule 408 objections in a Rule 12(f) motion to strike should be resolved against the moving party, given the disfavored status of motions to strike. In any event, because the undersigned denied the motion to strike in *Jett* on other grounds, the *Ogundele*/*TriQuint* split was ultimately immaterial to the undersigned's decision in that case.

**IT IS ORDERED** that Defendant's motion to strike (Docs. 14, 27) is **DENIED**.

Dated this 3rd day of March, 2022.

Douglas L. Rayes
United States District Judge